In re Debtor _____    Case number _____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

Debtor proposes the following:   ☑ ORIGINAL        ☐ _____ (Seq #) AMENDED CHAPTER 13 PLAN

List below the parts of the plan that have been changed.

Local Form 2083
## Chapter 13 Plan                                    (Effective 12/1/17)

## Part 1:   NOTICES

**To All Parties in Interest:**

Orders to avoid liens and to value property must be sought by separate motion, objection, or adversary proceeding in accordance with the federal and local bankruptcy rules.

As used in this plan, the term "debtor" means the debtor, and if a joint bankruptcy case, it also means the joint debtor. In a case with joint debtors, where a plan provision applies to only one debtor, that plan provision shall specifically so state, and shall state the full name of the joint debtor to whom that provision solely applies.

**To Debtor:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with federal rules, local rules and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

A creditor who wishes to oppose the plan may do so by filing a timely objection to the plan. Any objection must be in writing, filed with the court and served upon the debtor, debtor's counsel (if any), and the Chapter 13 Trustee (the "trustee") no later than seven (7) days prior to the hearing on confirmation. The provisions of the confirmed plan will bind the debtor and each creditor, whether or not they have filed a proof of claim.

A proof of claim **must** be filed by or on behalf of each creditor, **including secured creditors**, in order for that creditor to be paid by the trustee pursuant to the terms of the plan. The trustee will treat the amount stated on the filed proof of claim as the amount of a secured creditor's claim unless otherwise ordered by the court. Unsecured claims shall be allowed as filed and treated as provided herein unless otherwise ordered by the court. See the Notice of Chapter 13 Bankruptcy Case (Official Form 3091) for the claims bar date, which is the date by which a proof of claim must be filed in order to be treated as timely.

Certain pre-confirmation distributions are authorized to be made by the trustee based on provisions in the plan. Once the plan is confirmed, and plan payments have been made by the debtor, the trustee will make disbursements to creditors pursuant to the confirmed plan. When no proof of claim is filed, no post-confirmation distributions will be made, except as otherwise ordered by the court, or provided by local rule.

**DEBTOR MUST CHECK ONE BOX BELOW. IF THE "NOT INCLUDED" BOX, OR IF BOTH BOXES ARE CHECKED, ANY NONSTANDARD PROVISION SET OUT IN PART 8 (OR ELSEWHERE IN THE PLAN) WILL NOT BE EFFECTIVE.**

| NONSTANDARD PROVISIONS (PART 8) | ☐ Included | ☑ Not included |
|---|---|---|

Local Form 2083                                                                                     Page 1

17-03579-FPC13    Doc 6    Filed 12/13/17    Entered 12/13/17 09:08:09    Pg 1 of 11

In re Debtor  Roben Michelle Ertter                              Case number _____

---

<div style="background:black;color:white">**Part 2:**</div>    **PLAN PAYMENTS AND LENGTH OF PLAN**

**2.1**  **Debtor shall pay the trustee as follows:**

$ 1650.41 each month for first  60  month(s), commencing not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier.
$ _____ each month for next _____ month(s), commencing _____.
$ _____ each month for next _____ month(s), commencing _____.

**2.2**  **Debtor**  ☐ Commits   ☑ Does not commit

All tax refunds to funding of the plan, except to the extent otherwise subject by law to setoff, recoupment, or alternative disposition.

**2.3**  **Debtor commits the following other income and assets to funding of the plan:**

| DATE | SOURCE | AMOUNT |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

**2.4**  From funds received, the trustee shall make disbursements in the sequence set forth below except as provided in Part 8:

| CREDITOR TYPE/CLAIM | SUBPART NO. |
|---|---|
| Cost of Administration –Attorney Fees | 4.1 |
| Continuing Claims – Domestic Support Obligations | 4.2.2 |
| Secured Claims that Extend Beyond the Plan Term | 3.2.1 |
| Executory Contracts & Unexpired Leases | 6.1 |
| Secured Claims to be Paid by the Trustee Within Term of Plan | 3.2.3, 3.2.4 |
| Arrearage/Defaults | 3.2.2, 6.2 |
| Priority Claims (Other than Cost of Administration) | 4.2.3, 4.3 |
| Separately Classified Nonpriority Unsecured Claims | 5.1 |
| Unsecured Claims – Timely Filed | 5.2.1 |
| Unsecured Claims – Tardily Filed | 5.2.2 |

If the trustee has insufficient funds on hand to make disbursements to all classes, the funds will be distributed as provided to the extent funds are available. Claims within a particular class which cannot be paid the proposed disbursements shall be paid a pro rata share of the funds available. A monthly payment of less than $15.00 on any particular claim need not be distributed, but may be accumulated and distributed each time the aggregate amount of accumulated funds is $15.00 or more. For each distribution period, the trustee is permitted to hold back, in the same manner as set out for distribution, estimated or applied for attorney's fees as projected costs of administration.

**Pre-Confirmation Payments:** Prior to confirmation of the plan, the trustee is authorized to make monthly pre-confirmation payments to creditors, to the extent funds are available, in the amount of the monthly disbursement set forth in subparts 4.2.2, 3.2.1, 6.1, 3.2.3 and 3.2.4.

**Post-Confirmation Payments:** A proof of claim must be filed by or on behalf of a creditor, including secured creditors, in order for that creditor to be paid by the trustee pursuant to the terms of the plan. The trustee will treat the amount stated on the filed proof of claim as the amount of a secured creditor's claim unless otherwise determined by order of the court. Unsecured claims shall be allowed as filed and treated as provided herein unless otherwise ordered by the court.

**2.5**  **This plan is**  ☑ 100% Plan   ☐ Base Plan/Base Amount $ _____.

For "base plan," the base amount is the total sum of payments to be made to the trustee over the entire term of the plan. If the base amount is ultimately insufficient to pay those creditors required to be paid in full under the plan, (i.e., administrative expenses and/or secured, executory contract/unexpired lease, arrearage/default, priority and separate classification claims), the base amount will be increased to the extent necessary to fund the plan.

17-03579-FPC13    Doc 6    Filed 12/13/17    Entered 12/13/17 09:08:09    Pg 2 of 11

In re Debtor ___Roben Michelle Ertter___    Case number _____

## 2.6 Plan term

Payments shall be made over a period of not less than 36 months nor more than 60 months, unless debtor pays all creditors in full in less than the applicable commitment period. Estimated length of plan is ___60___ months.

## Part 3: TREATMENT OF SECURED CLAIMS

### 3.1 GENERAL

**3.1.1** Secured creditors, other than governmental units, shall not assess any late charges against the debtor if payments to the secured creditor, pursuant to the plan, are current.

**3.1.2** Secured creditors, other than governmental units, may assess only items against the debtor that are permitted to be charged under the contract. If a creditor charges any other fee or cost against the debtor, such creditor shall file and serve notice of the fee or cost on the debtor, the attorney for the debtor, and the trustee. Such notice shall be filed as a supplement to the holder's proof of claim and served no later than 180 days after the fee or cost is assessed.

**3.1.3** Secured creditors, other than governmental units, shall file as a supplement to the holder's proof of claim and serve on the debtor, the debtor's attorney and the Chapter 13 Trustee, no later than 21 days before a payment in the new amount is due, notice of any change in the payment amount, interest rate, or escrow amount adjustment, prepared on Official Form 410S (Notice of Mortgage Payment Change).

**3.1.4** Notices, statements, or other information provided in accordance with subparts 3.1.2 or 3.1.3, will not be considered by the court to violate the automatic stay.

**3.1.5** Governmental units acting as secured creditors shall comply with federal, state, and other governmental laws and regulations when: assessing fees, charges and costs against the debtor; and when applying payments received.

**3.1.6** Debtor shall keep any collateral continuously insured in accordance with the terms of the original obligation with the creditor until the amount of its secured claim is paid.

**3.1.7** Each creditor shall retain its lien or other interest in property vesting in the debtor until payment in full of the underlying debt or discharge under 11 U.S.C. § 1328.

**3.1.8** Secured creditors, other than governmental units, shall immediately credit funds received pursuant to Part 3 to the post-petition, monthly payment obligation. Funds shall be applied to the next post-petition payment due under the terms of the loan contract. Secured creditors shall not assess a late charge unless the debtor fails to make a full or timely payment to the trustee under the plan that causes a delay in the trustee's disbursement of the monthly payment amount set forth below. Failure to comply with the terms of this subpart may constitute a violation of the provisions of 11 U.S.C. § 524(i).

**3.1.9** Interest shall be paid as calculated by the trustee on a simple interest basis from the date of petition filing.

### 3.2 SECURED CLAIMS TO BE PAID BY TRUSTEE

**3.2.1** Creditors to whom the last payments are due beyond the term of the plan shall be paid according to the terms of the original obligation as set forth below. Arrearages on such claims shall be paid in accordance with subpart 3.2.2. In the event any obligation is paid in full before the plan is complete, future funds previously devoted to such creditors will be disbursed to other creditors under the plan.

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | MONTHLY PAYMENT AMOUNT | MONTH PAYMENT COMMENCES |
|---|---|---|---|
| Wells Fargo | 2013 Prius | $ 275.00 | 01/01/2018 |
|  |  | $ |  |
| Ditech | 907 W Nora, Spokane WA | $ 830.37 | 01/01/2018 |
|  |  | $ |  |

17-03579-FPC13    Doc 6    Filed 12/13/17    Entered 12/13/17 09:08:09    Pg 3 of 11

In re Debtor  Roben Michelle Ertter                                      Case number _____

**3.2.2**  Creditors, provided for in subpart 3.2.1, shall have arrearages cured at the interest rate and monthly payment set forth below.

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Ditech | 907 W Nora, Spokane WA | $ 19496.30 | 0 % | $ pro rata |
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

**3.2.3**  Creditors whose allowed secured claims will be paid within the term of the plan, shall be paid the amount of their secured claim plus interest from the date of petition filing at the interest rate and monthly payment set forth below. The amount of a creditor's secured claim shall be the amount stated as secured on a proof of claim filed by or on behalf of the creditor unless otherwise determined by order of the court upon separate motion or adversary proceeding in accordance with federal and local bankruptcy rules. To the extent that the amount of a creditor's allowed secured claim is determined to be less than the amount of its total claim, any portion of the claim in excess of the amount of its allowed secured claim will be treated as an unsecured claim and paid as provided in subpart 4.3 (Other Priority Claims), if entitled to priority under 11 U.S.C. § 507, or if not, as provided in subpart 5.2 (Unsecured Claims).

| CREDITOR | DESCRIPTION OF PROPERTY | TOTAL CLAIM | SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT | MONTHLY PAYMENT COMMENCES |
|---|---|---|---|---|---|---|
|  |  | $ | $ | % | $ |  |
|  |  | $ | $ | % | $ |  |
|  |  | $ | $ | % | $ |  |

**3.2.4**  Creditors whose claims listed were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or

(2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. The claim amount stated on a timely filed proof of claim controls unless otherwise ordered by the court.

| CREDITOR | DESCRIPTION OF PROPERTY | TOTAL CLAIM | SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT | MONTHLY PAYMENT COMMENCES |
|---|---|---|---|---|---|---|
|  |  | $ | $ | % | $ |  |
|  |  | $ | $ | % | $ |  |
|  |  | $ | $ | % | $ |  |

17-03579-FPC13    Doc 6    Filed 12/13/17    Entered 12/13/17 09:08:09    Pg 4 of 11

### 3.3 SECURED CLAIMS TO BE PAID BY THE DEBTOR

Creditors whose claims are secured by real property, where the debtor's obligations are current as of the date of the petition filing, shall be paid directly by the debtor according to the terms of the original obligation at the interest rate and monthly payment set forth below.

| CREDITOR | ADDRESS & PARCEL NUMBER | TOTAL CLAIM | PROPERTY VALUE | INTEREST RATE | MONTHLY PAYMENT | FINAL PAYMENT DATE |
|---|---|---|---|---|---|---|
| Ditech | 2602 N Hogan, Spokane WA | $ 110359.83 | $ 100700.00 | 4.125 % | $ 650.84 | 1/1/2044 |
| Ditech | 1728 W Nora, Spokane WA | $ 92895.71 | $ 101600.00 | 4.625 % | $ 590.55 |  |

### 3.4 SURRENDER OF COLLATERAL

Debtor surrenders the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditor's claim. To the extent the collateral does not satisfy such creditor's claim, the creditor shall be treated as the holder of an unsecured claim and paid as provided in Part 4, if entitled to priority under 11 U.S.C. § 507, or if not, as provided in subpart 5.2 (Unsecured Claims). The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. § 362(a) as to the collateral surrendered, thereby allowing recovery and disposition of such property according to applicable non-bankruptcy law, and shall terminate the codebtor stay of 11 U.S.C. § 1301(a), thereby allowing recovery against the codebtor according to applicable non-bankruptcy law. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| NAME OF CREDITOR | COLLATERAL | COLLATERAL VALUE |
|---|---|---|
| Michael Moran | 40563 Sunset Drive, Loon Lake W. | $ 255000.00 |
|  |  | $ |
|  |  | $ |
|  |  | $ |

### 3.5 AVOIDANCE OF JUDICIAL LIENS IMPAIRING AN EXEMPTION

In order to avoid judicial liens or non-possessory, non-purchase money security interests, the debtor must file a separate motion under 11 U.S.C. § 522(f). Any claim on which the lien is avoided shall be treated as the holder of an unsecured claim and paid as provided in Part 4, if entitled to priority under 11 U.S.C. 507, or if not, as provided in subpart 5.2. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim in subpart 3.2.3. Debtor intends to file such a motion with respect to the following:

| CREDITOR | VALUE AND DESCRIPTION OF PROPERTY | EXEMPTION IMPAIRED |
|---|---|---|
|  | $ |  |
|  | $ |  |
|  | $ |  |
|  | $ |  |

In re Debtor  Roben Michelle Ertter                                    Case number _____

## 3.6 LIEN DISPUTES

To determine the validity, priority or extent of a lien secured by the debtor's real property, the debtor must file an adversary proceeding pursuant to F.R.B.P. 7001. Unless otherwise ordered by the court, any claim on which the lien is avoided shall be treated as an unsecured claim not entitled to priority and paid as provided in subpart 5.2. Debtor intends to file such an adversary proceeding with respect to the following:

| CREDITOR | VALUE AND DESCRIPTION OF INTEREST | AMOUNT OF SENIOR LIENS |
|---|---|---|
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |
| _____ | $ _____ | $ _____ |

# Part 4:  TREATMENT OF COSTS OF ADMINISTRATION AND PRIORITY CLAIMS

## 4.1 COSTS OF ADMINISTRATION

**4.1.1** The trustee shall be paid the percentage fee fixed under 28 U.S.C. § 586(e)(1)(B).

**4.1.2** The attorney for the debtor shall be paid:

☑ A flat fee of $ _3000.00_____, based on the flat fee agreement between the debtor and the attorney in accordance with Local Bankruptcy Rule ("LBR") 2016-1(d) and of which $ _2500.00_____ shall be paid by the trustee as set forth below in subpart 4.1.3.

☐ Estimated fees and costs of $_____ in an amount to be proven, and allowed by the court, and of which $_____ shall be paid by the trustee as set forth below in subpart 4.1.3. This is in addition to the compensation earned pre-petition and filing fees and other costs incurred pre-petition in the amount of $_____.

Estimated fees shall be withheld from plan disbursements and paid by the trustee only as allowed by the court after separate application and order in accordance with LBR 2016-1(a), (b), and (c).

**4.1.3** The attorney for the debtor will be paid all allowed fees in full before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, secured, and arrearage/default creditors, except as set forth below:

☐ $_____ per month to the attorney for the debtor for allowed fees before any priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing executory contract/unexpired lease, secured and arrearage/default creditors.

☑ $ _500.00_____ per month to the attorney for the debtor for allowed fees before any arrearage/default, priority, separate classification, general unsecured or post-petition creditors receive any money; but after payment of continuing, executory contract/unexpired lease, and secured creditors.

☐ Other: _____

Local Form 2083                                                                                      Page 6

17-03579-FPC13    Doc 6    Filed 12/13/17    Entered 12/13/17 09:08:09    Pg 6 of 11

### 4.2 DOMESTIC SUPPORT OBLIGATIONS

#### 4.2.1 Domestic support obligations paid directly by debtor

| CREDITOR | TOTAL MONTHLY PAYMENT |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

#### 4.2.2 Domestic support obligations paid by trustee

To creditors having post-petition claims for domestic support obligations, which are not being collected directly from the debtor, regular periodic payments accruing post-petition on such obligations will be paid to such creditor by the trustee as set forth below. Arrearages will be paid as set forth in subpart 4.3 (Other Priority Claims).

| CREDITOR | MONTHLY PAYMENT AMOUNT | MONTH PAYMENT COMMENCES |
|---|---|---|
| _____ | $ _____ | _____ |
| _____ | $ _____ | _____ |
| _____ | $ _____ | _____ |
| _____ | $ _____ | _____ |

#### 4.2.3 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount

The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and may be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This plan provision requires the term of the plan to be 60 months.

| CREDITOR | AMOUNT OWED |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

### 4.3 OTHER PRIORITY CLAIMS

Unsecured creditors entitled to priority as defined in 11 U.S.C. § 507, who file a proof of claim within the deadline provided in the Notice of Chapter 13 Bankruptcy Case, shall be paid as set forth below. Unsecured creditors entitled to priority in a class superior to those in a junior class, as determined by 11 U.S.C. § 507(a), shall be paid in full before creditors in the junior class begin receiving payments. Priority creditors within the same class shall be paid pro rata. Unsecured creditors entitled to priority, who fail to timely file a proof of claim, shall be paid as provided in subpart 5.2.2 (Unsecured Claims).

| CREDITOR | DESCRIPTION OF PROPERTY/CLAIM | AMOUNT OF ARREARAGE |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |

### 4.4 TAXES

#### 4.4.1 PRE-PETITION TAX RETURNS

☑ All tax returns and tax reports due pre-petition have been filed.

☐ The following tax returns and tax reports due as of the date of the petition filing have not been filed:

| TAX AGENCY | TYPE OF TAX | TAX PERIOD | DATE RETURN WILL BE FILED |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

#### 4.4.2 POST-PETITION TAXES

Debtor shall file all post-petition tax returns/tax reports and pay all post-petition taxes as they come due.

#### 4.4.3 POST-PETITION TAX CLAIMS

Claims for taxes filed under 11 U.S.C. § 1305 that become payable to a governmental unit while the case is pending shall be treated as priority claims, provided in subpart 4.3 (Other Priority Claims).

## Part 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

### 5.1 NONPRIORITY UNSECURED CLAIMS SEPARATELY CLASSIFIED

Unsecured creditors not entitled to priority, separately classified pursuant to 11 U.S.C. § 1322(b)(1), shall be paid a dividend over the term of the plan pro rata as follows. (Debtor must file with the plan an affidavit or declaration stating the basis for each separate classification.)

| CREDITOR | DESCRIPTION OF CLAIM | AMOUNT OF CLAIM |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

### 5.2 NONPRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

#### 5.2.1 TIMELY FILED

Unsecured creditors not entitled to priority, who file a proof of claim within the deadline provided in the Notice of Chapter 13 Bankruptcy Case shall receive a dividend over the term of plan pro rata as follows:

- ☐ Base Plan: Payment of their allowed claims to the extent of the funds remaining after payment of administrative expenses, continuing, executory contract/unexpired lease, secured, arrearage/default, priority and separate classification claims.

- ☑ 100% Plan: Full payment of their allowed claims.

- ☐ 100% Plan: Full payment of their allowed claims after full payment of allowed unsecured claims, then allowed unsecured claims that are non-dischargeable under 11 U.S.C. § 1328(a) shall receive pro rata payments for interest to the extent funds are available in the plan at the interest rate set forth below.

#### 5.2.2 TARDILY FILED

Unsecured creditors, who fail to file a proof of claim within the deadline provided in the Notice of Chapter 13 Bankruptcy Case, shall be treated as allowed claims, unless disallowed by order of the court, but shall be subordinated to timely filed claims and paid pro rata only after full payment of timely filed claims to the extent necessary for the plan to comply with 11 U.S.C. § 1325(a)(4) and 11 U.S.C. § 1325(b)(1)(B).

### 5.3 POST-PETITION CLAIMS

Claims filed under 11 U.S.C. § 1305 for consumer debt arising after the date of petition filing, and that are for property or services necessary for the debtor's performance under the plan, shall be treated as timely filed unsecured claims and paid as provided in subpart 5.2.1, but only if the specific claim is provided for in a modification of the plan. The claim shall be disallowed if the creditor knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained.

## Part 6:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 6.1 ASSUMPTIONS

Debtor assumes the following executory contracts and/or unexpired leases. Adequate assurance of future performance will be provided by the contract or lease payments being made according to the terms of the original obligation, and will be paid to such creditor by the trustee as set forth below.

| CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM | MONTHLY PAYMENT AMOUNT | MONTH PAYMENT COMMENCES |
|---|---|---|---|---|
| _____ | _____ | _____ | $ _____ | _____ |
| _____ | _____ | _____ | $ _____ | _____ |
| _____ | _____ | _____ | $ _____ | _____ |
| _____ | _____ | _____ | $ _____ | _____ |

### 6.2 CURE OF ARREARAGES

For executory contracts and/or unexpired leases included in subpart 6.1 that are currently in default, debtor will cure any default and compensate the other party to such contract and/or unexpired lease for any actual pecuniary loss at the interest rate and monthly payment as set forth below.

| CREDITOR | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|
| _____ | _____ | _____ % | _____ |
| _____ | _____ | _____ % | _____ |
| _____ | _____ | _____ % | _____ |
| _____ | _____ | _____ % | _____ |

### 6.3 REJECTIONS

Debtor rejects the following executory contracts and/or unexpired leases and surrenders the property. Any allowed unsecured claim for damages resulting from such rejection shall be paid as provided in subpart 5.2. The entry of the order confirming the plan shall terminate the automatic stay of 11 U.S.C. § 362(a) as to the property surrendered, thereby allowing recovery and disposition of such property according to applicable non-bankruptcy law, and shall terminate the codebtor stay of 11 U.S.C. § 1301(a), thereby allowing recovery against the codebtor according to applicable non-bankruptcy law. This list of rejections is not necessarily complete. Any executory contracts and/or unexpired leases not specifically assumed in accordance with subpart 6.1 shall be deemed rejected even if not listed in subpart 6.3.

| CREDITOR | TYPE OF AGREEMENT | DESCRIPTION OF PROPERTY/CLAIM |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Part 7: VESTING OF PROPERTY OF THE ESTATE

Property of the estate shall revest in the debtor upon confirmation of the plan, or at a later time or in another entity as follows:

- [x] Dismissal or discharge only.
- [ ] _____

In the event the case is converted to Chapter 7, 11, or 12, property of the estate shall vest in accordance with the applicable law. Debtor shall be responsible for the preservation and protection of all property of the estate.

## Part 8: NONSTANDARD PROVISIONS

ANY NONSTANDARD PROVISION INCLUDED ELSEWHERE IN THE PLAN IS VOID. The plan includes the following nonstandard provisions:

_____
_____
_____
_____
_____

## Part 9: SIGNATURES

**CERTIFICATE OF COMPLIANCE WITH LAW AND LOCAL FORM 2083**

The attorney for the debtor (or the debtor if no attorney) hereby certifies under penalty of perjury that:

The value, as of the date of petition filing, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of the Code on such date.

Except for information inserted in blank subparts, and as specifically provided in Part 8, this plan conforms with the Chapter 13 Plan form set forth in LBR 2083-1.

This plan has been proposed in good faith and not by any means forbidden by law. This plan complies with the provisions of Chapter 13, with the other applicable provisions of Title 11, United States Code, and with all applicable national and local bankruptcy rules. This plan contains no nonstandard provisions other than those set forth in Part 8.

DATED: 12/12/2017

Attorney for Debtor: Elizabeth M. McBride

Debtor: Roben M (signature)

Debtor: _____

Attorney Address: 28 W Indiana Ste G
                  Spokane WA 99205

Attorney Telephone: 509.838.0435